## Commonwealth *v.* Collander.

Argued September 13, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

564

*Paul D. Shafer, Jr.,* with him *Thomas, Shafer, Walker, Dornhaffer & Swick,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, May 1, 1973:

This is an appeal from an order of the Court of Common Pleas of Crawford County dated April 20, 1972, affirming the suspension by the Secretary of the Department of Transportation (Secretary) of the motor vehicle operator's license of Ned V. Collander (Collander) for a period of "one month." This is not a point system case.

Although there was a transcribed hearing in the court below, the parties submitted a statement of stipulated facts. It was stipulated that on June 30, 1971, Collander was properly arrested for traveling at 82 miles per hour on Interstate Route 80 in Jefferson County. The posted legal speed limit at the point of arrest was 65 miles per hour. Collander paid a fine and costs for the violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8).

On January 25, 1972, Collander received notice of the suspension of his license as follows: "As a result of your conviction on 06-30-71 of violating Section 1002 (b)(8) 87/65, your operating privileges are being suspended by this Bureau. You are requested to return any current operator's license in your possession for a period of one month." After hearing, the lower court affirmed the suspension.

The sole question which has been presented to this Court is whether this case should be remanded to the Secretary by virtue of the conflicting facts (1) that Collander was convicted for a violation under Section 1002(b)(8) of The Vehicle Code for traveling at 82 miles per hour (or 17 miles per hour over the posted speed limit) and (2) the notice of suspension discloses that the Secretary suspended his license for traveling at 87 miles per hour (22 miles per hour over the posted speed limit).

The court below properly noted that the violation for which Collander was convicted comes under the suspension provision of Section 618(b)(2) of The Vehicle Code (75 P.S. §618(b)(2)), which permits the Secretary to suspend an operator's license for a period of time within the discretion of the Secretary. The lower court correctly stated that this is unlike the point system suspension found in Section 619.1 of The Vehicle Code (75 P.S. §619.1), which provides a mandatory period of suspension. It is interesting to note, however, that under the mandatory provision of Section 619.1 of The Vehicle Code, an operator's license will be suspended for 15 days if the speed violation was 17 miles per hour over the posted speed limitation and 30 days if the speed violation was 22 miles per hour over the posted speed limit. The lower court concluded that since the Legislature permitted the Secretary (under Section 618(b)(2) of The Vehicle Code) to suspend at his discretion for a period of 30 days, whether the

violation was 22 miles per hour or 17 miles per hour over the posted speed limit, the Secretary had not abused his discretion under the facts of this case.

While we find no fault with the lower court's reasoning, we must reverse and remand its order for the reason that there is nothing in this record disclosing whether the Secretary used his discretion, based upon the stipulated fact of 82 miles per hour or the erroneous 87 miles per hour figure. It is conceivable that the Secretary was improperly informed as to Collander's stipulated speed at the time the Secretary determined the length of the suspension. In other words, it is conceivable that the clerical error which the Commonwealth contends was made in this case occurred prior to the time the Secretary sent the notice of suspension. The record does not disclose when the clerical error was made, nor does it disclose what information the Secretary utilized to make his discretionary determination of a one-month suspension.

We conclude, therefore, that this matter must be remanded to the Secretary to redetermine the extent of the suspension under the stipulated facts. In view of Collander's unblemished driving record in this Commonwealth, as disclosed by the record, it is possible that the Secretary may be guided by the mandatory suspension provisions of Section 619 of The Vehicle Code in the exercise of his discretion. It is also within the realm of possibility that the Secretary will exercise his discretion to confirm the suspension for one month, as originally determined. In any event, the Secretary must utilize the stipulated facts in his suspension notice so that whatever suspension is determined will be based upon the 82 mile per hour speed violation.

We therefore

### ORDER

AND Now, this 1st day of May, 1973, it is ordered that the order dated April 20, 1972 of the Court of

Common Pleas of Crawford County is hereby reversed, and the case is remanded to said court which is directed to remand the matter to the Secretary of the Department of Transportation for a redetermination of the suspension of the motor vehicle operator's license of Ned V. Collander not inconsistent with the Opinion of this Court.